IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HONG YAO and YAN QIN,**<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY and FIRST AMERICAN TITLE INSURANCE COMPANY**<br><br>　　　　　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 22-2873 |

**MEMORANDUM RE: DEFENDANTS' MOTIONS TO DISMISS**

**Baylson, J.**                                                                                             **December 13, 2022**

　　　　Defendants State Farm Fire and Casualty Company ("State Farm") and First American Title Insurance Company ("First American") have filed separate Motions to Dismiss in this case arising from a dispute over Plaintiffs Hong Yao and Yan Qin's liability insurance following a personal injury on Plaintiffs' property. Plaintiffs bring the following two claims:

1. Count One: "Insurance Breach of Contract Bad Faith" against State Farm; and
2. Count Two: Negligence against State Farm and First American.

　　　　Upon review of the records and arguments made by the parties, this Court will grant First American's motion to dismiss in full, with prejudice. This Court will grant State Farm's motion to dismiss in full, without prejudice and with leave to amend within fourteen (14) days.

**I.　　SUMMARY OF ALLEGED FACTS**

　　　　Plaintiffs Hong Yao and Yan Qin brought this case in the Court of Common Pleas of Philadelphia County, and Defendants removed to federal court on the basis of diversity. Notice of Removal (ECF 1). The facts as alleged by Plaintiffs are as follows. On September 17, 2017, Plaintiffs purchased two adjacent pieces of property: 4838 Frankford Ave. and

4840 Frankford Ave.  Compl. ¶ 8.  Plaintiffs requested that State Farm insure both properties, and State Farm assured Plaintiffs that both properties would be insured.  Id. at ¶¶ 9-10.  Plaintiffs were provided with a mortgage on the understanding that both properties had been insured.  Id. at ¶ 12.  First American Title Insurance cleared Plaintiffs to close on the titles.  Id. at ¶ 14.  In 2018, an individual was injured at 4840 Frankford Ave.  Id. at ¶ 13.  As a result of the subsequent litigation, it was discovered in 2021 that only 4838 Frankford Ave. was listed on the State Farm insurance policy, and that "it was uncertain as to whether or not there was in fact a policy effective for the property 4840 Frankford Avenue[.]"  Id. at ¶¶ 15-17.  State Farm declined to cover the incident, and so Plaintiffs had to bear the costs and legal fees resulting from the incident.  Id. at ¶ 18-19.

## II.     SUMMARY OF BRIEFS

### A.     First American's Motion to Dismiss

First American filed a motion to dismiss (First Am. Mot. (ECF 5)) presenting three arguments for why the negligence claim should be dismissed:

(1) First American is a title insurer, not a liability insurer.  Id. at 2.  As such, First American argues, its only duty was to ensure that the titles to the two properties were free and clear from liens.  Id. at 4-5.  First American therefore had no duty or obligation to ensure that the properties were insured against liability claims, and so Plaintiffs' claim for negligence against First American fails.  Id. at 5.

(2) Plaintiffs' negligence claim is barred by the economic loss doctrine, preventing recovering of economic loss absent physical injury or property damage.  Id. at 6-7.

(3) Plaintiffs' negligence claim is barred by the statute of limitations.  Id. at 7-10.

B.    **State Farm's Motion to Dismiss**

State Farm filed a Motion to Dismiss on August 22, 2022, interpreting Plaintiffs' two claims to be, functionally, three: a claim of breach of contract, a claim of bad faith, and a claim of negligence. State Farm Mot. (ECF 10) at 2. State Farm makes the following arguments.

(1) Regarding the breach of contract claim, State Farm argues that it had no duty to defend and indemnify Plaintiffs because the third party's incident at the uninsured property did not trigger the existing policy on the insured property. Id. at 3. Absent this duty to defend, State Farm argues there can be no breach of contract claim. Id. at 3-4.

(2) Regarding the bad faith claim, State Farm argues that Plaintiffs fail to satisfy the heightened burden of proof for a bad faith claim. Id. at 6. State Farm also argues that Plaintiffs' "boilerplate allegations" lack factual support. Id. at 7.

(3) Regarding the negligence claim, State Farm argues that Plaintiffs have failed to plead that it had a duty to Plaintiffs or that it breached that duty. Id. at 9. It also alleges that Plaintiffs' negligence claim is barred by Pennsylvania's two-year statute of limitations because the alleged negligence occurred in 2017. Id.

C.    **Plaintiffs' Responses**

Plaintiffs filed a response to First American in the form of a "Motion in Support of Opposition to Defendants' Motion for Summary Judgment." Pl.'s F.A. Resp. (ECF 13). There, Plaintiffs argue that First American "owed Plaintiff[s] a duty of reasonable care to ensure they had the proper requisite insurance prior to entering into the contractual negation with Plaintiff[s]." Id. at 3. Plaintiffs also argue that First American "provided false information when they cleared Plaintiff[s] to close" on the properties, thereby falling into an exception of the economic loss

doctrine. Id. at 5. Finally, Plaintiffs argue that the claim against First American was not ripe until coverage was denied in 2021, and therefore the statute of limitations has not tolled. Id. at 6-7.

Plaintiffs filed a response to State Farm in similar form. Pl.'s S.F. Resp. (ECF 12). Plaintiffs argue that they have established a breach of contract claim due to the expectation of both parties that the two properties would both be insured. Id. at 4-5. Plaintiffs also argue that they have satisfied the pleading requirement for a bad faith claim because they have pleaded that State Farm had not "reasonable basis to deny Plaintiff[s'] claim." Id. at 5-6. Plaintiffs argue that they have properly stated a claim for negligence against State Farm because State Farm negligently omitted the 4840 Frankford Ave. property from the insurance policy. Id. at 6-7. Plaintiffs fail to address the statute of limitations argument in their response to State Farm's motion, but they argue in their response to First American's motion that their negligence claim was not ripe and remained undiscovered until 2021, and so the statute of limitations has not tolled. Pl.'s F.A. Resp. at 6-7.

### D.   State Farm's Reply

State Farm filed a reply on December 2, 2022. S.F. Reply (ECF 15). State Farm again argues that the insurance policy clearly only insured the 4838 Frankford Ave. property, and so there was no breach of contract or bad faith claim for declining to cover the 4840 Frankford Ave. property. Id. at 1-2. State Farm also argues that the terms of the insurance policy would have put Plaintiffs on notice of any negligence to include the 4840 Frankford Ave. property in the insurance policy, and so the statute of limitations began running in 2017. Id. at 2-3.

### E.   First American's Reply

First American replied, arguing that Plaintiffs have failed to establish the existence of any duty owed by First American to ensure Plaintiffs had obtained liability insurance. F.A. Reply (ECF 14) at 2. It also argues the Plaintiffs failed to plead a negligent misrepresentation claim, as

4

required to be exempted from the economic loss doctrine. Id. at 3-4. Finally, First American argues that the statute of limitations began running, at the latest, in 2018. Id. at 4-5.

## III. STANDARD OF REVIEW

As an initial matter, the standard for a motion to dismiss is not whether there is a "dispute of material fact," as Plaintiffs define in their Responses. Pl.'s F.A. Resp. at 2-3; Pl.'s S.F. Resp. at 2-3.[1] Plaintiffs mistakenly refer to the motions before this Court as motions for summary judgment. Pl.'s F.A. Resp. at 1; Pl.'s S.F. Resp. at 1. In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations as true and view them in a light most favorable to the plaintiff. Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020). To survive this motion, a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)).

## IV. STATUTE OF LIMITATIONS

As a negligence claim, Plaintiffs' Count II against both State Farm and First American is subject to a two-year statute of limitations. 42 Pa. C.S.A. § 5524(7). State Farm and First

---

[1] Plaintiffs have mistakenly filed their responses as separate motions for summary judgment on the docket. Their proposed orders relate to Defendants' motions to dismiss rather than to independent motions filed by the Plaintiffs. This Court will resolve the issue by denying the Plaintiffs' motions for summary judgment (as they appear on the docket) as moot.

American both argue that the allegedly negligent failure to insure the 4840 Frankford Ave. property occurred five years ago when the insurance policy was purchased. State Farm Mot. at 9-10, First Am. Mot. at 8-10. Both argue that the claim was brought outside the two-year statute of limitations for a negligence claim. State Farm Mot. at 9-10, First Am. Mot. at 8-10. Plaintiffs argue that they did not suffer damages from Defendants' negligence until 2021, when they were denied coverage. Pl.'s F.A. Resp. at 6. Plaintiffs also argue that they had no knowledge that the 4840 Frankford Ave. property was not covered until coverage was denied in 2021, and so the statute of limitations did not begin running until that time. Id. In their reply, First American argues that Plaintiffs' position would require the statute of limitations to begin tolling in 2018. F.A. Reply at 4-5. State Farm argues that the statute of limitations began running either in 2017 when Plaintiffs were put on notice of the fact that the 4840 Frankford Ave. property was not included in the policy when they purchased the properties, or in 2018 when the third-party accident occurred. S.F. Reply at 3-4.

Pennsylvania law recognizes the discovery rule, which allows a court to suspend the statute of limitations until the plaintiff "knows or reasonably should know" of the alleged injury and its cause. Bohus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991). The Complaint could be read to imply that State Farm's failure to insure the second property was not discovered, by either party, until 2021, when discussions between Plaintiffs and State Farm resulted in correspondence in which State Farm stated that "it was uncertain as to whether or not there was in fact a policy effective for the property 4840 Frankford Avenue." Compl. ¶¶ 16-17. However, there is not enough detail alleged in the Complaint to fully establish such an inference. There is also a lack of factual allegations to support Plaintiffs' argument that the negligence claim was not ripe until 2021. This Court therefore grants State Farm's motion to dismiss without prejudice and with leave to amend.

As discussed below, this Court will dismiss the negligence claim against First American with prejudice and without leave to amend. That determination is not affected by this Court's ruling on the statute of limitations.

V.       **ANALYSIS OF FIRST AMERICAN'S MOTION TO DISMISS**

     A.       **First American's Duty Argument**

First American is a title insurer, not a liability insurer. First Am. Mot. at 2. As such, First American argues, its only duty was to ensure that the titles to the two properties were free and clear from liens. Id. at 4-5. First American argues that it had no duty or obligation to ensure that the terms of Plaintiffs' mortgage were met, or that the properties were insured against liability claims, so Plaintiffs' claim for negligence against First American should be dismissed. Id. at 5.

Plaintiffs argue, without supporting case law, that "First American failed to take reasonable steps to ensure" that the terms of the mortgage requiring liability insurance were satisfied. Pl.'s F.A. Mot. at 4. However, Plaintiffs do not explain why First American would have had a duty to do so. First American argues that Plaintiffs cannot point to any law on-point that would establish that a title insurer has a duty to ensure the Plaintiffs have liability insurance. F.A. Reply at 2-3.

Based on the Complaint, it appears clear that First American's only role in providing insurance during the sale of the properties was to provide title insurance. Compl. ¶¶ 5, 14, 25. Plaintiffs fail to point to any case law or legal authority that would impose an obligation on a title insurance provider either to confirm the existence of liability insurance or to confirm that the terms of the mortgage were satisfied. Pl.'s F.A. Resp. at 3-4. To the contrary, "[t]he sole object of title insurance is to cover possibilities of loss through defects that may cloud or invalidate titles," that is, the existence of prior claims of ownership, liens, or collateral on the property in question. Rood v. Commonwealth Land Title Ins. Co., 936 A.2d 488, 492 (Pa. Super. Ct. 2007). Like in Rood,

the title insurance policy here only covers defects on the title of the properties and makes no reference to liability insurance or terms of a mortgage. There was no duty owed by First American to ensure that the property was insured, nor does the insurance policy itself provide any liability coverage for the physical property.

Because First American had no duty to confirm that the properties were insured for physical liability, and because the existing insurance policy does not provide such coverage, the negligence claim against First American will be dismissed with prejudice.

## VI. ANALYSIS OF STATE FARM'S MOTION TO DISMISS

### A. State Farm's Breach of Contract Argument

State Farm argues that it did not have a contractual duty to insure both properties because its only contractual duty was to defend the insured property at 4838 Frankford Ave., which it did. State Farm Mot. at 2-3. Plaintiffs argue that the ambiguity of the insurance documents, coupled with the parties' intentions at the time of contracting, shows that Plaintiffs and State Farm intended to insure both properties, which State Farm failed to do. Pl.'s S.F. Resp. at 4-5. Plaintiffs argue that the complaint alleges that Defendant "knew of Plaintiff[s'] concurrent purchase of 4840 Frankford Avenue" but "only insured the property of [4838] Frankford Avenue." Id. at 5. State Farm replies, arguing that the insurance policy clearly only insured the 4838 Frankford Ave. property, and so there was no breach of contract for declining to cover the 4840 Frankford Ave. property. S.F. Reply at 1-2.

The Complaint does not specifically allege what contractual duty State Farm breached. Contrary to Plaintiffs' argument, mere knowledge of a concurrent sale is not enough to establish a breach of contract claim. Arguably, based on the facts alleged and the supporting documentation provided, State Farm may have had a duty to issue an insurance policy for both properties, which

it may have failed to do. Compl. ¶¶ 9-10, 13, 17. As pleaded, there is ambiguity as to whether the insurance policy covered both properties. However, the facts as alleged in the Complaint do not adequately state this claim, failing to provide any details as to the communications with State Farm leading up to Plaintiffs buying the property. In 2021 Plaintiffs and State Farm may have tried to determine if the 4840 Frankford Ave. property was covered, but there is a similar lack of facts alleged on this point. The Court will dismiss this claim without prejudice and with leave to amend to plead the details of the claim.

### B. State Farm's Bad Faith Argument

Regarding the bad faith claim, State Farm argues that Plaintiffs have failed to meet the burden of review for a bad faith claim, and that the "boilerplate allegations" lack supporting factual averments. Id. at 6-7. Plaintiffs argue that they have adequately alleged the facts necessary to show that State Farm lacked a reasonable basis for denying benefits and knew or recklessly disregarded its lack of reasonable basis. Pl.s' S.F. Resp. at 5-6. Plaintiffs link State Farm's alleged obligation to provide benefits to State Farm's alleged knowledge that Plaintiffs intended to buy the two properties together. Id. at 6. State Farm replied, arguing that the insurance policy clearly only insured the 4838 Frankford Ave. property, so there was no bad faith for declining to cover the 4840 Frankford Ave. property. S.F. Reply at 1-2.

Plaintiffs' Complaint is bare of details. Plaintiffs do not sufficiently plead facts to show that State Farm failed to act in "good faith and fair dealing" (Kilmore v. Erie Ins. Co., 595 A.2d 623, 626 (Pa. Super. 1991)) when it allegedly agreed to insure both properties and then failed to do so. Compl. ¶¶ 9-10, 17. As pleaded, there is not enough detail in the Complaint to support this claim. In tandem with the breach of contract claim discussed above, this Court will dismiss the

9

"Insurance Breach of Contract and Bad Faith" Claim against State Farm without prejudice and with leave to amend.

### C.   State Farm's Negligence Argument

State Farm argues that Plaintiffs failed to adequately plead the existence of a duty or a breach of duty in order to satisfy a negligence claim.  State Farm Mot. at 9.  State Farm argues that the Complaint is ambiguous and fails "to allege to whom the alleged request [for coverage of both properties] was made, when it was made, or that [] State Farm had a duty to insure both properties." S.F. Reply at 2-3.  Plaintiffs argue that State Farm owed a duty of fair dealing and to act in good faith, which State Farm breached when it failed to insure both properties.  Pl.'s S.F. Resp. at 6-7. State Farm is correct that the Complaint does not include any details about the negotiations and conversations with State Farm that would provide enough detail to support an inference of negligence by State Farm.  Based on the sparse pleadings found in the Complaint, this Court will dismiss this claim against State Farm without prejudice and with leave to amend.

### VII.   CONCLUSION

For the foregoing reasons, Defendant State Farm's Motion to Dismiss Counts I and II is **GRANTED** without prejudice and with leave to amend within fourteen (14) days.  First American's Motion to Dismiss the Count II against First American is **GRANTED** with prejudice. Plaintiffs' Motions for Summary Judgment (as they appear on the docket) are **DENIED** as moot. An appropriate Order follows.

O:\CIVIL 22\22-2873 Qin et al v. State Farm et al\Qin Memorandum in Support of Order on MtD 22-2873.docx